<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HESTER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW SAUL, COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　　　　　　　　　Defendant. | Civil Action No. 19-13612 (SRC)<br><br>OPINION |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Paul Hester ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

This appeal arises from Plaintiff Paul Hester's November 1, 2017 application for a period of disability and disability insurance benefits. Plaintiff's claim was denied on February 9, 2018. Plaintiff filed for reconsideration, and his application was denied upon reconsideration on July 10, 2018. Claimant filed a written request for a hearing on August 3, 2018, and his hearing was held on November 28, 2018 before Administrate Law Judge Scott Massengill (the "ALJ"). Plaintiff appeared and testified at the hearing. At the hearing, Plaintiff alleged that the onset date of his period of disability began on October 23, 2017.

After considering all of the evidence in the record, ALJ Massengill issued a written decision on January 30, 2019 wherein he determined that Plaintiff Paul Hester had "not been under a disability within the meaning of the Social Security Act from October 23, 2017, through the date of [his] decision." (Decision, 16.) Thereafter, Plaintiff filed a request for review of the ALJ's decision. The request was denied by the Appeals Council on April 23, 2019. On June 11, 2019, Plaintiff filed the subject Complaint against the Commissioner of Social Security in this Court. Plaintiff submitted his brief in support of his appeal on October 21, 2019. On January 3, 2020, Defendant filed its opposition. Plaintiff filed his reply brief on January 12, 2020.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and remanded based on 1) the ALJ's unsupported findings at step three; 2) the ALJ's failure to consider contrary medical evidence at step four and in formulating the residual functional capacity; and 3) the ALJ's invalid determination of Plaintiff's alternative work options.

Plaintiff first alleges that the ALJ's finding at step three, that Plaintiff did not suffer from an impairment or combination of impairments of a severity to meet or medically equal the criteria of the Listings of Impairments, is not supported by substantial evidence or an adequate rationale. Plaintiff further alleges that the ALJ's finding as to Plaintiff's residual functional capacity ("RFC") and Plaintiff's ability to engage in alternative work activity were not supported by substantial evidence.

Regarding Plaintiff's claim that the ALJ erred at step three, Plaintiff alleges that the evidence of record concerning Hester's mental impairments, particularly with regard to listing §12.15 for Post-Traumatic Stress Disorder, was sufficient to find an impairment or combination of impairments of a level of severity that met the Listings of Impairments. Plaintiff claims that the ALJ's findings under the "B" and "C" criteria of §12.15 were expressed in conclusory terms

and failed to articulate a sufficient justification for the findings "where the evidence of record from medical sources and the testimony of Hester are to the contrary." (Plaintiff's Brief, 26.) Moreover, Plaintiff claims that the ALJ failed to consider or mention the findings of the Veteran's Administration, which were allegedly contrary to those of the ALJ. Plaintiff asserts that based on the ALJ's insufficient rationale for his decision, as well as his failure to consider the contrary findings of the Veteran's Administration, the decision of the ALJ at step three cannot be sustained.

Next, Plaintiff contests ALJ Massengill's finding as to his Residual Functional Capacity and states that the ALJ's finding was "contrary to any reasonable view of the evidence." (Plaintiff's Brief 29.) Plaintiff disputes ALJ Massengill's interpretation and rejection of the opinions made by Dr. Allegra, a rheumatologist, as to Plaintiff's physical limitations. Plaintiff further claims that the ALJ erred by failing to consider the "specific finding of Dr. Cornejo that work involving more than sedentary work would not be physically possible for Hester." (Plaintiff's Brief 30.) Plaintiff notes that, if Hester were limited to sedentary work, as found by Dr. Cornejo, "that would be both inconsistent with the residual functional capacity found by the Administrative Law Judge and would lead to a finding of disability under the vocational guidelines . . . ." (Id.) Finally, Plaintiff claims that ALJ Massengill erred by according greater weight to the medical opinions of Dr. Housri and Dr. Paolino, whose opinions were largely consistent with the findings made by the ALJ, as opposed to Plaintiff's treating physician, Dr. Allegra, and Dr. Cornejo. Plaintiff notes that the opinions of Dr. Housri and Dr. Paolino were based entirely on their review of the record, and neither physician personally examined Plaintiff.

Plaintiff also states that the ALJ failed to adequately consider Plaintiff's mental impairments in making his RFC finding. Plaintiff alleges that the ALJ's opinion was absent any

consideration of Plaintiff's significant difficulties in managing his anger and in his abilities to appropriately interact with others. Additionally, Plaintiff claims that the ALJ did not consider the testimony of vocational witness, Michael Smith, who answered a hypothetical question that was asked by counsel. For these reasons, Plaintiff argues that the ALJ's decision as to Plaintiff's Residual Functional Capacity was not supported by substantial evidence.

Lastly, Plaintiff alleges that ALJ Massengill erred at step five when he found that Plaintiff could not return to his past work but could engage in other work activity. Plaintiff claims that this determination was based on the ALJ's flawed residual functional capacity determination, and therefore, the ALJ's findings are invalid. Additionally, Plaintiff contests the ALJ's failure to consider a hypothetical question that was asked of vocational witness Michael Smith. Plaintiff further contends that the ALJ should have found that Plaintiff's physical limitations, as expressed by Dr. Allegra, would preclude work as well, and therefore, a finding of disability should have been made.

Legal Standard

This Court reviews the Commissioner's decisions under the substantial evidence standard.  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then

determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

Discussion

At step three, ALJ Massengill found that Plaintiff's impairments were not of a severity that met the requirements of the Listings of Impairments. Plaintiff concedes that "aside from the mental impairments, the evidence of record would not be sufficient to find an impairment of a level of severity that meets the requirements of the Listing of Impairments." (Plaintiff's Brief 25.) With respect to Plaintiff's mental impairments, specifically §12.15, Plaintiff contends that the evidence of record supports otherwise. Plaintiff fails to explain or even identify the evidence that allegedly leads to an alternative conclusion. Rather, Plaintiff asserts that the ALJ's findings were merely conclusory and cannot be sustained.

In his detailed opinion, the ALJ made the following finding at step three regarding Plaintiff's mental impairments: "The severity of the claimant's mental impairment does not meet or medically equal the criteria of listings 12.04 or 12.15." (Decision, 18.) In support of this finding, the ALJ considered whether the paragraph B criteria had been satisfied, and ultimately concluded that claimant's mental impairments did not result in at least one extreme or two marked limitations in the applicable areas of functioning. The ALJ noted the following which was largely found in treatment notes provided by CPC Behavioral Healthcare, Evers Psychology Associates, and Dr. Juan Carlos Cornejo. The ALJ writes that claimant exhibited "intact memory, normal attention and concentration, logical thought processes, fair to good insight and judgment, and average cognitive function" as well as "logical and goal directed thought processes, good concentration, good memory, above average intellect, and good judgment." The ALJ continued to note that despite claimant's testimony that "he has had some bad interactions

with others," treatment notes described "cooperative behavior, logical thought processes, and normal speech." Moreover, the ALJ considered that "claimant testified about being offered a position as a speaker talking about government benefits to others" which led to his conclusion that Plaintiff exhibited a moderate limitation in interacting with others. Finally, the ALJ noted that despite suffering from depression, anger, and struggling with intermittent suicidal ideation, Plaintiff's "symptoms are generally controlled when he is compliant with medication." The ALJ also considered the fact that Plaintiff reported that "he can go to the store by himself, feed himself, make simple meals, dress himself, brush his teeth, and take a shower." The ALJ relied on the aforementioned facts ascertained from medical records as well as Plaintiff's testimony in making his finding at step three. The ALJ employed this approach when considering whether both the paragraph B and paragraph C criteria had been met.

Based on the foregoing, the Court rejects Plaintiff's claim that the ALJ's findings were conclusory and based on insufficient evidence. Plaintiff argues that the record contains contrary evidence but fails to identify and explain the evidence that he is referencing. Moreover, this argument does not address the legal issue before this Court, pursuant to § 405(g), which is whether the Commissioner's decision is supported by substantial evidence. Here, the Court finds that the ALJ's finding at step three was supported by substantial evidence found in both the treatment notes provided by various medical providers as well as the testimony of Plaintiff himself.

Plaintiff appears to make a similar argument as to the ALJ's finding regarding Plaintiff's physical limitations at step four and the residual functional capacity. Plaintiff claims that the ALJ failed to consider contrary medical evidence at step four and in formulating the residual functional capacity. However, as to the physical limitations in the RFC, Plaintiff concedes that

the ALJ noted but rejected the opinion of Dr. Allegra, finding the opinion "to not be persuasive." (Plaintiff's Brief 29.) Plaintiff notes that the opinion of the ALJ was based on the residual functional capacity assessment of Dr. Paolino, a state agency examiner. Plaintiff acknowledges that "Dr. Paolino did provide an opinion that is roughly consistent with the opinion of the Administrative Law Judge as did a Dr. Housri." (Plaintiff's Brief 31.)  Thus, it appears clear from both the record as well as Plaintiff's own submission that the ALJ considered the conflicting medical evidence in the record. ALJ Massengill rejected the opinions of Dr. Allegra and Dr. Cornejo, and accepted the opinions of the Dr. Paolino and Dr. Housri. It is not this Court's role to re-weigh the evidence presented in the record. Rather, the Court must only determine whether the ALJ properly considered treating physician evidence, and whether the ALJ's decision was supported by substantial evidence. As admitted by Plaintiff, the ALJ's findings as to physical limitations in the RFC were consistent with the opinions of Dr. Paolino and Dr. Housri. The Court finds that this finding was supported by substantial evidence.

Plaintiff further contends that the ALJ erred by failing to consider certain mental limitations in the RFC. Specifically, Plaintiff notes Hester's limitations and difficulties managing his anger and in his ability to interact appropriately with others. Plaintiff claims that Dr. Evers described these limitations and the Veteran's Administration based its conclusion on these issues. Despite this, Plaintiff alleges "none of these problems made it into the residual functional capacity found by the Administrative Law Judge." (Plaintiff's Brief 24.) Because of this, Plaintiff argues that the ALJ's finding cannot be sustained. Plaintiff is correct that the ALJ cannot ignore evidence provided by a treating physician. 20 C.F.R. §§ 404.1520(c) and 416.920c(b)(2). Here, however, the ALJ considered the findings made by Dr. Evers in his analysis of the mental limitations in the RFC. ALJ Massengill writes:

> Dr. Evers' opinion generally supports the finding the claimant can perform work at the RFC. In January 2018, Dr. Sean Evers, Ph.D., reported the claimant suffers from PTSD with such symptoms as nightmares, agitation, explosive outburst, suicidal ideation, and sleep disturbance (Ex. 4F at pgs. 1-6). Dr. Evers noted he has been treating the claimant weekly since November 2, 2017. Dr. Evers reported the claimant's last mental status examination noted a somewhat depressed mood but otherwise normal findings including intact orientation, no suicidal ideation, no evidence of psychosis, good grooming, logical and goal directed thought processes, normal speech, good concentration, good memory, above average intellect, and good judgment. Dr. Evers opined the claimant has no limitation in his ability to understand and remember, sustain concentration and persistence, and adapt. Dr. Evers opined the claimant is limited in his ability to interact socially due to rigid thinking and his explosive anger. This opinion is found somewhat persuasive as it is generally supported by the claimant's treatment notes mostly showing intact memory, normal attention and concentration, fair to good insight and judgment, and average cognitive findings and the claimant's treatment notes showing his mental problems are generally controlled when the claimant is compliant with medication.

(Decision, 27.) As indicated by ALJ Massengill, the ALJ considered Dr. Evers' opinion that claimant is somewhat limited in his ability to interact with others and found this opinion to be "somewhat persuasive as it is generally supported by the claimant's treatment notes." (Id.) Despite being somewhat persuaded by Dr. Evers' opinion, the ALJ reasoned that Plaintiff can perform work notwithstanding his difficulties interacting with others because his mental problems are generally controlled when Plaintiff is compliant with medication. The Court therefore finds that the ALJ did not ignore the findings of Dr. Evers and that the ALJ's determination as to Plaintiff's RFC was supported by substantial evidence.

Plaintiff further contests the ALJ's failure to consider the findings made by the Veteran's Administration when analyzing Plaintiff's residual functional capacity. On May 11, 2017, the Veteran's Administration assigned a 70% evaluation for Plaintiff's post-traumatic stress disorder. The ALJ did not reference this in his opinion but instead provided the following

explanation: "I did not provide articulation about the evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 404.1520b(c) and 416.920b(c)." (Decision, 27.) The Code of Federal Regulations stipulates that decisions made by other governmental agencies and nongovernmental entities provide evidence that is "inherently neither valuable nor persuasive to the issue of whether [claimant is] disabled or blind under the Act," and therefore, ALJs "will not provide any analysis about how [they] considered such evidence in [their] determination or decision." 20 C.F.R. § 404.1520b(c)(1). Here, the ALJ acted in accordance with the governing federal regulations when he did not consider or weigh the decision made by the Veteran's Administration.

Plaintiff argues that the determination made regarding alternative work activity, which was predicated on the RFC, is invalid because it was based on a flawed RFC. Finding that the residual functional capacity determined by the ALJ was supported by substantial evidence and is valid, the Court finds Plaintiff's argument unpersuasive.

At step five, Plaintiff further argues that the testimony of vocational witness Michael Smith was not properly considered by the ALJ. Plaintiff alleges that, had this testimony been given appropriate weight and consideration, the ALJ would have found that Plaintiff would not be able to perform any available jobs. The Court finds that this argument lacks merit. At the hearing before ALJ Massengill, counsel for Plaintiff asked the vocational witness the following question: "With regard to the Judge's limitation to occasional interaction with supervisors, we've had this discussion but just simply if we're dealing with an individual who at times during the day would react inappropriately to supervision would that preclude the performance of work activity?" (Tr. 78-79.) Mr. Smith answered, "If it weren't for the pattern of behavior of that type I don't think an employer would tolerate that so I would say yes, it would preclude

employment." (Tr. 79.) The hypothetical question given by Plaintiff's counsel is of no moment. This modified hypothetical posed to the vocational expert was more restrictive than the RFC found by the ALJ. Thus, Mr. Smith's opinion that no jobs would be available for an individual with more limitations than Plaintiff is irrelevant. Here, based on the RFC applied by the ALJ, the vocational expert testified that an individual with Plaintiff's profile and RFC would be able to perform a variety of unskilled occupations. (Tr. 74.) The vocational expert stated that a person of this profile would be able to perform the requirements of the following representative occupations: sub assembler, routing clerk, and collator operator. Based on this, the ALJ found that Plaintiff is capable "of making a successful adjustment to other work that exists in the significant numbers in the national economy." (Decision, 30.) This finding was supported by substantial evidence and will be sustained by this Court.

Conclusion

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                s/ Stanley R. Chesler  
                                      STANLEY R. CHESLER, U.S.D.J.

Dated: August 14, 2020